**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| ATLEY PHARMACEUTICALS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:06CV301-HEH |
| | ) | |
| BRIGHTON PHARMACEUTICALS, INC., | ) | |
| TIME CAP LABS., INC, | ) | |
| JM SMITH CORPORATION d/b/a | ) | |
| SMITH DRUG COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| JM SMITH CORPORATION d/b/a SMITH | ) | |
| DRUG COMPANY, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FIRST DATABANK, INC., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM OPINION**
**(Denying First Databank Inc.'s Motion to Dismiss for Improper Venue and Granting First Databank Inc's Motion to Transfer Venue)**

This matter is before the Court on First Databank, Inc.'s ("FDB") Motion to Dismiss JM Smith Corporation's Third-Party Complaint for Improper Venue, pursuant to Federal Rules of Civil Procedure 12(b)(3) and/or 12(b)(6). In the alternative, FDB requests that this Court grant a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404. Both parties have filed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will

DENY First Databank's Motion to Dismiss pursuant to Rule 12(b)(3). In the alternative, the Court will GRANT First Databank's Motion to Transfer Venue of Smith's Third-Party Complaint to the U.S. District Court for the Northern District of California pursuant to 28 U.S.C. § 1404.

## I. Background

The present third party claim arises out of an initial lawsuit by Atley Pharmaceuticals, Inc. ("Atley") against JM Smith Corporation d/b/a/ Smith Drug Company ("Smith"), Brighton Pharmaceuticals, Inc. ("Brighton") and Time Cap Labs, Inc. ("Time Cap"), alleging federal trademark infringement in violation of the Lanham Act and tortious interference. In essence, Atley contends that defendants improperly marketed a generic drug as a therapeutic equivalent to Atley's brand-name prescription drug, QDALL. Atley claims the generic drug is manufactured by Time Cap and distributed by Brighton "through Smith." *See* Compl. ¶ 7. Specifically, Atley alleges that Smith, along with Brighton, falsely represented or implied that the generic drug was therapeutically equivalent to QDALL to ensure that drug databases link the generic drug to QDALL. *Id* ¶ 53.

On June 30, 2006, Smith filed an answer to Atley's complaint accompanied by a third-party complaint against FDB, a company that provides information about generic drugs through a subscription service. Smith purportedly purchased a user license agreement in order to obtain information from FDB's database. Smith maintains that FDB's database listed Brighton's generic drug as an equivalent to QDALL. Smith claims it relied on information contained in FDB's database and then distributed flyers to its customers advertising Brighton's generic drug as a substitute for QDALL. In total, Smith concedes it distributed less than $35,000 worth of the

generic drug it received from Brighton.  *See* Am. Anwer. and Third-Party Compl. ¶ 4.  The Third-Party Complaint against FDB alleges breach of contract and indemnification.

FDB filed a Motion to Dismiss for Improper Venue on August 15, 2006.  FDB asserts there is a forum selection clause in the user license agreement (the "Agreement")  that was signed by representatives of both FDB and Smith.[1]  The Agreement states, "In the event of any dispute concerning this Agreement or the Licensed Products, suit may be brought only in a court of competent jurisdiction in the U.S. District Court of the Northern District of California or the California Superior Court for the County of San Mateo."  Agreement ¶ 14.

## II.  Standard of Review

Venue is established in a federal district court under 28 U.S.C. § 1391.  Rule 14 of the Federal Rules of Civil Procedure authorizes a third-party defendant to assert any defenses available under Rule 12.  Rule 12(b)(3) provides a defense or objection to improper venue.[2]  When a defendant objects to venue under Rule 12(b)(3), plaintiff bears the burden of establishing that venue is proper.  *See Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2d 812, 816 (4th Cir. 1979), *cert. denied*, 446 U.S. 938 (1980).

Even when venue is proper, a district court has the discretion to transfer a case to an alternate venue pursuant to 28 U.S.C. § 1404.  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[1] Smith entered into the license agreement through an unincorporated division of the company known as QS 1 Data Systems.  *See* Am. Answer and Third-Party Compl. ¶ 51.

[2] FDB's Motion to Dismiss under 12(b)(3) provides that in the alternative, it would move to dismiss by Federal Rule of Civil Procedure 12(b)(6).  Since this Court is granting FDB's Motion to Transfer pursuant to 28 U.S.C. § 1404, it is unnecessary to address the motion under Rule 12(b)(6).

where it might have been brought." 28 U.S.C. § 1404(a). The court must weigh case-specific factors in consideration of "convenience and fairness." *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). If a forum selection clause is present, it is "a significant factor that figures centrally into the court's calculus." *Id.*

In addition to the rules aforementioned, applicable to this case is the U.S. Supreme Court's established legal precedent that a forum selection clause is generally binding and should be enforced unless the party seeking to void it can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *see also Sterling Forest Assoc. v. Barnett-Range Corp.*, 840 F.2d 249, 251 (4th Cir. 1988) ("[F]orum selection clauses are prima facie valid and should be enforced when made in arms-length transactions by sophisticated businessmen, absent some compelling and countervailing reason."). However, a forum selection clause can be invalidated by a court upon a showing of inconvenience if enforcement would cause a party to be "deprived of his day in court." *Id* at 18.

### III. Analysis

Whether FDB has standing as a third-party defendant to move for dismissal under Federal Rules of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406(a) is subject to some dispute. *Compare* Fed. R. Civ. P. 14(a) ("[T]he third party defendant[] shall make any defense to the third-party plaintiff's claim as provided in Rule 12.") *with, One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 833 (E.D. Va. 2004) ("[T]hird-party defendants have no standing to raise a venue defense under Rule 12(b)(3)."). Because FDB fails to assert improper venue under 28 U.S.C. § 1391, the Court does not need to address this issue. Venue is proper if

4

the statutory definition is met. *See Stewart Org.*, 487 U.S. at 28, n. 8 (stating that even where a forum selection clause designated a different venue, venue was still proper under the 28 U.S.C. § 1391). It is for this reason the Court feels it inappropriate to dismiss Smith's Third-Party Complaint under Rule 12(b)(3) or 28 U.S.C. § 1406(a), and will alternatively sever and transfer it to the U.S. District Court for the Northern District of California under 28 U.S.C. § 1404(a).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* at 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "A motion to transfer under 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors. The presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus." *Id*. Smith has raised issues regarding convenience or lack thereof in relation to its preferred place of venue, but those issues can be applied equally to both parties. Therefore, the determinative issue is how much weight the Court should place upon the forum selection clause in the Agreement.

The Supreme Court of the United States has indicated its intent to enforce forum selection clauses in the absence of unreasonable circumstances. *See, e.g. Bremen*, 407 U.S. at 15 ("[W]e conclude that the forum clause should control absent a strong showing that it should be set aside."). The Fourth Circuit Court of Appeals has followed the lead of the Supreme Court in giving great weight to such clauses. *See, e.g. Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996); *Sterling Forest Assocs., Ltd.*, 840 F.2d at 251 (abrogated on other grounds). With the favor given to forum selection clauses, the balancing of factors in determining transfer under 1404(a) becomes relatively straightforward.

Smith relies on *BHP International Investment., Inc. v. Online Exchange, Inc.*, 105 F. Supp. 2d 493, 497 (E. D. Va. 2000), to support its position that venue should remain in the Eastern District of Virginia. In addition to noting that venue can be established under 28 U.S.C. § 1391, the court in *BHP* also determined that the Fourth Circuit has almost uniformly held that dismissal was an improper procedural vehicle to enforce a forum selection clause when transfer was also a viable option. *Id*. The court first looked to the venue statute under 28 U.S.C. § 1391. *Id.* at 496. As already discussed, statutory venue is not an issue that must be addressed in this case. The Court will therefore turn to a possible transfer under 28 U.S.C. 1404(a).

A court must consider several factors in determining whether or not to transfer a case pursuant to 28 U.S.C. § 1404(a), such as (1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interest of justice. *BHP Int'l Inv., Inc.*, 105 F. Supp. 2d at 498 (citing *Cognitronics Imaging Sys., Inc., v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000)).

In weighing these factors, it is this Court's opinion that they favor California as the proper forum to resolve the dispute between Smith and FDB. The text of the Agreement states, "This Agreement shall be governed by and construed in accordance with the laws of the United States and the State of California . . . ." *See* Agreement ¶ 14. Not only does the contractually agreed upon forum selection clause lay venue in California, but the parties also stipulated that California law governs the Agreement. Furthermore, when a forum selection clause is cited as a reason to transfer a case, the burden is on the plaintiff to establish why the contractual agreement of the

6

parties should be ignored. *BHP Int'l Inv., Inc.*, F. Supp. 2d at 498–499 (citing *Huntingdon Eng'g & Envtl. v. Platinum Software Corp.*, 882 F. Supp. 54, 57 (W.D.N.Y. 1995)).

Smith argues that enforcing the forum selection clause will deprive the corporation of its day in court. This standard was discussed in the *Bremen* case. "In such circumstances it should be incumbent on the party seeking to escape his contract to show that the forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Bremen*, 407 U.S. at 18. Smith fails to demonstrate that this Court's enforcement of the contractually agreed upon forum selection clause would be unreasonable or unjust. In this Court's view, the claim Smith brings against FDB is largely a product of the Agreement bargained for and signed by both parties. It should have been clearly foreseeable to Smith, when it contracted with FDB, that it might have to bring an action for breach of contract or indemnification in the venue specified in the Agreement. *See Gordonsville Indus. v. Am. Artos Corp.*, 549 F. Supp. 200, 206 (W.D. Va. 1982) (holding it was clearly foreseeable at the time a contract was negotiated and executed that one company might have to bring a separate indemnification action in a German court pursuant to a forum selection clause and that the possibility of a separate suit was insufficient to deny enforcement). The fact that Smith may be required to pursue a separate action against FDB in no way effects its right to bring the claim.

Smith has subsequently raised the issues of convenience and fairness in asking this court to retain its claim in the Eastern District of Virginia. Those two factors are part of the test set forth by the U.S. Supreme Court in *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991). "Choice of forum provisions may be found unreasonable, and thus unenforceable, if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical

purposes be deprived of his day in court' because of the grave inconvenience of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." *BHP Int'l Inv., Inc.*, 105 F. Supp. 2d at 499; *see also Carnival Cruise Lines*, 499 U.S. at 595.  Smith makes no claim of overreaching or fraudulent inducement and offers no persuasive evidence of grave inconvenience.  Under the mutually agreed upon terms of the contract, the law of California governs the enforcement of its terms.  Presumably, California law provides an adequate remedy.  Neither side has advanced any valid public policy concerns in enforcing the choice of forum clause, and the Court envisions none.

In the final analysis, there is nothing fundamentally unfair about holding the parties to their Agreement.  The Third-Party Complaint will therefore be severed and transferred to the U.S. District Court for the Northern District of California.

### IV.  Conclusion

For the reasons stated above, FDB's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) will be denied.  FDB's Motion to Transfer Venue of Smith's Third-Party Complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404 will be granted.

An appropriate Order will accompany this Memorandum Opinion.

/S/

Henry E. Hudson
United States District Judge

ENTERED this 4th day of October 2006.
Richmond, VA

9